# EXHIBIT A

 **BANK OF AMERICA** | **Legal Order Processing Fax Cover Sheet**

If transmission problems occur, please call 1.213.580.0702

Fax legal order documentation to:   Legal Order Processing **1.617.310.2751** (this form to be used for documents listed in PRO)

**Instructions to Financial Centers:**

**Fax all pages:** Enter total pages, including cover sheet, serving party's business card and envelopes: 14
- Fax double-sided if needed. Be sure to fax right side up. Please confirm fax successful.
- Print and attach fax confirmation document and mail original to DE5-024-02-08.
- Remember to retain a copy of the legal document, fax cover sheet, and confirmation in the Financial Center Legal file.

## Financial Center Information

| | |
|---|---|
| Financial Center Name: | Elizabeth - Jefferson Ave |
| Cost Center Number: | 0090130 |
| Telephone Number: | 908.965.0103 |

## Service Information

Complete the serving party information or obtain a business card.

- If business card obtained, fax a copy along with the fax transmittal form.

| | |
|---|---|
| Serving Party Name: | |
| Agency: | |
| Telephone Number: | |
| Address: | |
| Date Served: | |
| Accepting Associate: | |
| How were the documents served to you? (check one) | ☒ Personal by Agent / Officer / Attorney   ☐ Personal by Accountholder<br>☐ Regular First Class Mail   ☐ Certified & / or Registered Mail<br>☐ Express Delivery (UPS / FedEx / Etc.)   ☐ Other - explain below |

**Message:**     01/14/2020

00-65-9884NSB 05-2020

CONSTABLES OFFICE OF NEW JERSEY
(908) 687-1039



**DOMENICO SERVIDIO**
CONSTABLES OFFICER

2009-2013 Morris Avenue • Union, New Jersey 07083

CC# 0090130 "in-person"

B. Dakota Kuykendall, Esq. (ID#110852016)
KUYKENDALL LAW, LLC
26 Journal Square, Suite 300
Jersey City, New Jersey 07306
(201) 885-9519
Dakota@KuykenLaw.com
Attorney for Plaintiff
Theresa B. Rubas

| | |
|---|---|
| THERESA B. RUBAS, | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY – LAW DIVISION |
| Plaintiff, | |
| vs. | DOCKET NO.: ESX-L-008140-20 |
| BANK OF AMERICA, N.A., | Civil Action |
| Defendant. | **SUMMONS** |

From the State of New Jersey
To the Defendant(s) named above: Bank of America, N.A.

  The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you, dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Michelle M. Smith*
MICHELLE M. SMITH, Clerk of Superior Court

Dated: December 18, 2020

Name of Defendant to be Served: Bank of America, N.A.
Address of the Defendant to be Served: 750 Walnut Avenue, Cranford, New Jersey 07016

*$105.00 FOR CHANCERY DIVISION CASES OR $175.00 FOR LAW DIVISION CASES

B. Dakota Kuykendall, Esq. (ID#110852016)
KUYKENDALL LAW, LLC
26 Journal Square, Suite 300
Jersey City, New Jersey 07306
(201) 885-9519
Dakota@KuykenLaw.com
Attorney for Plaintiff
Theresa B. Rubas

| | |
|---|---|
| THERESA B. RUBAS, | SUPERIOR COURT OF NEW JERSEY |
| | ESSEX COUNTY – LAW DIVISION |
| Plaintiff, | |
| | DOCKET NO.: ESX-L-008140-20 |
| vs. | |
| | Civil Action |
| BANK OF AMERICA, N.A., | |
| | **COMPLAINT** |
| Defendant. | |

Plaintiff Theresa B. Rubas, by way of Complaint against defendant Bank of America, N.A., alleges as follows:

**THE PARTIES**

1. Plaintiff Theresa B. Rubas is an individual residing in Belleville, New Jersey ("Plaintiff"). At all times relevant hereto, Plaintiff was 74-years old with multiple medical conditions

2. Defendant Bank of America, N.A., is Delaware corporation who at all times relevant hereto had bank located at 321 Franklin Ave, Belleville, New Jersey 07109 ("Defendant), and has approximately 200 other branches located throughout the State of New

Jersey. Defendant's headquarters in New Jersey is located at 750 Walnut Avenue, Cranford, New Jersey 07016.

## VENUE

3. Plaintiff resides and the cause of action arose in Essex County making venue is proper pursuant to Rule 4:3-2(a) in the Essex County Superior Court.

## FACTUAL BACKGROUND

4. In or about October 2018, Plaintiff became the victim of elder fraud and abuse. Specifically, Plaintiff was defrauded by various individuals into sending them monies and funds from her various Bank of America financial accounts.

5. In November 2018, Plaintiff began engaging in highly unusual banking activity with her financial transactions including, large, frequent and unexplained withdrawals, requests for large cashiers' checks made payable to unusual and unfamiliar names, liquating certificates of deposits that had been in existence for years without regard to penalties, liquating savings accounts and making unexplained transfers between accounts, and uncharacteristic attempts to wire large sums of money out of state.

6. Over the course of one month, Plaintiff made more than a dozen banking transfers and transaction in which she withdrew the total amount of $148,000.00.

7. All of the Plaintiff's banking activities were completely inconsistent and at odds with her banking profile and banking history. For example, Plaintiff liquated a savings account

in the amount of $52,908.01 so that she could obtain a cashier's checks and liquidated a certificate of deposit in excess of $23,000 without regard to penalties.

8. The fraud and theft of monies was reported to Defendant and the police.

9. Coincidentally, the bank branch location where all of these transactions occurred closed only days after Plaintiff's last banking transaction.

10. On December 3, 2018, Plaintiff's representatives sent a preservation of evidence letter to Defendant. Despite reporting the matter, Defendant never contact Plaintiff or her representatives to conduct an investigation.

11. Defendant is and, at times relevant hereto, was aware of the dangers of elder financial abuse. Defendant's own webpage entitled "Elder Financial Care" states that Defendant offers numerous services "to guard against elder abuse"; yet, it failed to recognize and stop the tell-tale signs of said elder financial abuse in this matter.

12. All of Plaintiff's actions in this matter are deemed by the American Bankers Association deems as "red flags" of elder financial abuse, and have been spotted by Defendant and its trained representatives.

### FIRST COUNT
(Negligence)

13. Plaintiff repeats each of the foregoing paragraphs as if set forth herein at length.

3

14. Defendant owed common law duties to Plaintiff. The Defendant has a duty to conduct banking business in a commercially reasonable and responsible manner according to a standard of care that exists to protect their customers against fraud and elder exploitation.

15. The Defendant also owed a special duty of care to Plaintiff by reason of her age and condition.

16. The Defendant breached its common law duty to Plaintiff by, among other things, failing to consider, investigate or heed all the suspicious facts and circumstances and "red flags" of widespread elder financial abuse that should have raised concern and questions to any reasonable person, failing to notify Plaintiff of suspected fraud, failing to notify law enforcement of suspected fraud, failing to use due or ordinary care or act in a commercially reasonable and proper manner, failing to properly monitor the account activities, the suspicious sequence of transfers, closing of savings and certificate of deposit accounts, the large amounts of the checks unusual for these accounts, and failing to note and act upon the suspicious activities, despite having the opportunity and being in a unique position to do so.

17. The Defendant, through its actions and inactions, caused Plaintiff to be permanently deprived of her funds.

18. Plaintiff suffered pecuniary damages in that she was permanently deprived of funds that were entrusted to the Defendant.

19. As a direct and proximate result of the aforesaid negligence and breaches of Defendant, the Plaintiff has been damaged.

4

## COUNT TWO
### (Breach of Fiduciary Duty)

20. Plaintiff repeats each of the foregoing paragraphs as if set forth herein at length

21. As her banker, Plaintiff placed trust and confidence in the Defendant who was in a superior position and acted to protect her finances and thus, owed her a fiduciary duty.

22. Defendant was obligated to and owed Plaintiff a duty of loyalty and a duty to exercise reasonable skill and care in providing banking services.

23. Defendant breached its duty of loyalty and more so its duty to exercise reasonable skill and care by, among other things, failing to consider, investigate or heed all the suspicious facts and circumstances and "red flags" of widespread elder financial abuse that should have raised concern and questions to any reasonable person, failing to notify Plaintiff of suspected fraud, failing to notify law enforcement of suspected fraud, failing to use due or ordinary care or act in a commercially reasonable and proper manner, failing to properly monitor the account activities, the suspicious sequence of transfers, closing of savings and certificate of deposit accounts, the large amounts of the checks unusual for these accounts, and failing to note and act upon the suspicious activities, despite having the opportunity and being in a unique position to do so.

24. Indeed, the American Bankers Association deems all of Plaintiff's actions in this matter as "red flags" of elder financial abuse which should have been spotted by trained representatives of the Defendant.

25. Defendants actions as well as its inactions constitute an egregious breach of its

5

duty of good faith, fair dealing, and fiduciary duty.

26. As a direct and proximate result of the aforesaid breaches of fiduciary duty by Defendant, the Plaintiff has been damaged.

### THIRD COUNT
### (Violation of Consumer Fraud Act N.J.S.A. 56:8-2)

27. Plaintiff repeats each of the foregoing paragraphs as if set forth herein at length.

28. In connection with the banking services and the protection to elder persons, Defendant directed and employed an unconscionable commercial practice, deception, false promise, omission and/or misrepresentation, in violation of N.J.S.A. 56:8-2.

29. Defendant offered banking services to the public which constitutes "merchandise" pursuant to N.J.S.A. 56:8 1(c).

30. Plaintiff is consumer and entered into a consumer transaction with Defendant.

31. Defendant is a "person(s)" within the meaning of the Consumer Fraud Act, N.J.S.A. 56:8 1(d), as it is a business entity.

32. Defendant falsely promises and misrepresented that as an institution it cared for elder persons because elder financial care can be "concerning." Defendant represents on its website that $37 billion dollars is lost each year as "a result of the financial exploitation of seniors." Defendant's website further acknowledges that "[r]ecent studies suggest that financial exploitation – the illegal or improper use of an older adult's funds, property or assets – is the most common form of elder abuse." Thus, Defendant is aware and represents that it is aware of elder exploitation but did nothing to stop it in this matter.

33. Defendant represented that in providing banking financial services to the elderly, it has "assembled useful resources that can help [] guard against elder abuse…"

34. Defendant's actions, omission, misrepresentations, and deceptions constitute an unconscionable commercial practice in violation of the Consumer Fraud Act.

35. Rather than guard against elder financial exploitation, Defendant failed to consider, investigate or heed all the suspicious facts and circumstances and "red flags" of widespread elder financial abuse that should have raised concern and questions to any reasonable person, failing to notify Plaintiff of suspected fraud, failing to notify law enforcement of suspected fraud, failing to use due or ordinary care or act in a commercially reasonable and proper manner, failing to properly monitor the account activities, the suspicious sequence of transfers, closing of savings and certificate of deposit accounts, the large amounts of the checks unusual for these accounts, and failing to note and act upon the suspicious activities, despite having the opportunity and being in a unique position to do so.

36. As a result of Defendant's misconduct aforesaid, Plaintiff has suffered damages and ascertainable losses in the amount of $148,000.

**WHEREFORE**, plaintiff Theresa B. Rubas demands judgment against defendants, jointly and severally, for: (a) compensatory damages; (b) statutory treble damages and attorney's Fees under the Consumer Fraud Act; (c) consequential damages; (d) punitive damages; (e) statutory attorney's fees; (f) costs and interest; and (g) for such other and further

7

relief as the Court deems just and proper.

KUYKENDALL LAW, LLC<br>
B. Dakota Kuykendall, Esq.<br>
26 Journal Square, Suite 300<br>
Jersey City, New Jersey 07306<br>
<br>
*B. Dakota Kuykendall*<br>
B. DAKOTA KUYKENDALL

Dated: November 28, 2020

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that B. Dakota Kuykendall, Esq., is hereby designated as trial counsel pursuant to Rule 4:25-4.

## NOTICE OF OTHER ACTIONS PURSUANT TO RULE 4:5-1

PLEASE TAKE NOTICE that, pursuant to Rule 4:5-1, Plaintiff certifies that the facts at issue in the matter in controversy are not subject to any other action(s) pending in this Court or proceeding elsewhere.

KUYKENDALL LAW, LLC<br>
B. Dakota Kuykendall, Esq.<br>
26 Journal Square, Suite 300<br>
Jersey City, New Jersey 07306<br>
<br>
*B. Dakota Kuykendall*<br>
B. DAKOTA KUYKENDALL

Dated: November 28, 2020

8

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiff hereby demand a jury as to all issues so triable.

**KUYKENDALL LAW, LLC**
**B. Dakota Kuykendall, Esq.**
26 Journal Square, Suite 300
Jersey City, New Jersey 07306


*B. Dakota Kuykendall*
B. DAKOTA KUYKENDALL

Dated: November 28, 2020

## CONFIDENTIAL PERSONAL INDENTIFIERS COMPLIANCE STATEMENT

Pursuant to R. 1:38-7(c), I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in R. 1:38-7(b).

**KUYKENDALL LAW, LLC**
**B. Dakota Kuykendall, Esq.**
26 Journal Square, Suite 300
Jersey City, New Jersey 07306


*B. Dakota Kuykendall*
B. DAKOTA KUYKENDALL

Dated: November 28, 2020

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-008140-20**

Case Caption: RUBAS THERESA VS BANK OF AMERICA, N.A.
Case Initiation Date: 11/29/2020
Attorney Name: B DAKOTA KUYKENDALL
Firm Name: KUYKENDALL LAW, LLC
Address: 26 JOURNAL SQ. STE 300
JERSEY CITY NJ 07036
Phone: 2018859519
Name of Party: PLAINTIFF : Rubas, Theresa, B
Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: CONTRACT/COMMERCIAL TRANSACTION
Document Type: NJ eCourts Case Initiation Confirmation
Jury Demand: YES - 12 JURORS
Is this a professional malpractice case?  NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: Theresa B Rubas? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Business

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
  If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
  If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/29/2020
Dated

/s/ B DAKOTA KUYKENDALL
Signed